UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY M. COHEN,

        Plaintiff,

  -vs-

ROGER L. ALTMAN, ROSA ALTMAN,
SWITCH FUND INVESTMENT CLUB LP and
GOLDEN EAGLE INVESTMENT CLUB LP,

        Defendants.

**No. 6:18-cv-6812(MAT)**
**DECISION and ORDER**

---

## INTRODUCTION

Jeffrey M. Cohen ("Plaintiff"), a resident of California, commenced this action against defendants Roger L. Altman, Rosa Altman, Switch Fund Investment Club LP ("Switch Fund"), and Golden Eagle Investment Club LP ("Golden Eagle") (collectively, "Defendants"), all of whom are residents of New York. The Complaint asserts counts of fraud, conversion, breach of fiduciary duty, and breach of contract. Jurisdiction is premised on 28 U.S.C. § 1332 based on the complete diversity of citizenship among the parties and the fact that the amount in controversy exceeds $75,000.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Presently before the Court are Plaintiff's Motion for Default Judgment as to Golden Eagle and Switch Fund (Docket No. 11), Plaintiff's Motion to Change Venue (Docket No. 14), and the Motion to Dismiss for Insufficient Service of Process and Improper Venue

by Roger and Rosa Altman (Docket No. 22). Defendants filed a Response (Docket No. 15) the Motion for Default Judgment, to which Plaintiff filed a Reply (Docket No. 16). Defendants did not file any responsive pleadings to Plaintiff's Motion to Change Venue (Docket No. 14). Plaintiff filed a Response (Docket No. 23) to Defendants' Motion to Dismiss (Docket No. 22).

In his Motion to Change Venue (Docket No. 14), Plaintiff acknowledges that he filed this action in the incorrect venue. He asserts that the proper district is the Northern District of New York. In his Motion for Default Judgment as to Golden Eagle and Switch Fund, Plaintiff asserts that these defendants, because they are limited partnerships, cannot appear *pro se*. In their Motion to Dismiss for Insufficient Service of Process and Improper Venue, Roger and Rosa Altman assert that they now reside in Virginia, that venue is improper in this District, and that they were not properly served.

For the reasons discussed below, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

Plaintiff acknowledges that he incorrectly selected the Western District of New York as the forum for this action. *See* Docket No. 14-1, ¶ 8. Plaintiff asserts that the limited partnerships, Golden Eagle and Switch Fund, have bank accounts in the Northern District of New York. *See id.*, ¶ 3 & Exhibit ("Ex.")

A. In addition, Plaintiff states, Roger Altman purported to own 20172 Blue Heron Lane, Alexandria Bay, Jefferson County, New York, which he allegedly offered to sell to raise funds to satisfy financial obligations owed to Plaintiff. *Id.*, ¶ 5 & Ex. C. Plaintiff indicates that Rosa Altman is the record owner of 20172 Blue Heron Lane, Alexandria Bay, Jefferson County, New York. *Id.* & Ex. D. Thus, Plaintiff asserts, the proper forum for this action is the Northern District of New York, where Alexandria Bay is located. Plaintiff argues that "[i]ncorrectly specifying venue is a curable defect, 28 U.S.C. § 1406(a), and granting this relief is within the discretion of the Court." Docket No. 14-1, ¶ 15. Plaintiff goes on to state that the Court is "authorized by statute, 28 U.S.C. § 1404(a)[,] to transfer this case thereby effecting a cure of this inadvertent defect." *Id.*, ¶ 16 (citing 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

Plaintiff has incorrectly relied on 28 U.S.C. § 1404(a) ("Section 1404(a)") for his venue-transfer motion. Section 1404(a) "operates on the premises that the plaintiff has properly exercised his venue privilege." *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) (footnote omitted). Title 28 U.S.C. § 1406(a) ("Section 1406(a)"), on the other hand, "provides for transfer from forums in which venue is wrongly or improperly laid." *Id.* Specifically,

Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis supplied).

The first consideration under Section 1406(a), whether this District is the "wrong" venue, is determined by reference to 28 U.S.C. § 1391. This section, subject to exceptions not applicable here, "shall govern the venue of all civil actions brought in district courts of the United States. . . ." 28 U.S.C. § 1391(a)(1). Title 28 U.S.C. § 1391(b) goes on to provide that "[a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The Western District of New York does not meet any of the criteria in subsections (1) through (3).

The Court must now determine whether it is in the interest of justice to transfer this case to a proper forum rather than to

dismiss it. The Court need not have personal jurisdiction over the defendants in order to transfer a case under 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of [28 U.S.C. §] 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). However, "[t]he transferee court must be one in which the action could have been properly filed initially, satisfying venue and personal jurisdiction requirements." *McCulley v. Anglers Cove Condo. Ass'n, Inc.*, 977 F. Supp. 177, 181 (E.D.N.Y. 1997) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)); *see also Davis v. Am. Soc'y of Civil Engineers*, 290 F. Supp.2d 116, 120 (D. D.C. 2003) (stating that to transfer venue of an action, in interests of justice, district court must ensure as a preliminary matter that venue is proper and that defendants are subject to personal jurisdiction in transferee forum) (citations omitted).

The Court finds that Plaintiff has not fulfilled his obligation to demonstrate that the Northern District of New York can exercise personal jurisdiction over all the defendants. The Court notes that Rosa and Roger Altman assert they are now residents of Williamsburg, Virginia. And Plaintiff states that the limited partnership defendants, Golden Eagle and Switch Fund, are (or were) New Jersey corporations. Furthermore, Plaintiff has not

demonstrated that the Northern District of New York is a venue in which the action could have been brought, i.e., that it satisfies subsections (1), (2) or (3) of 28 U.S.C. § 1391(b).

Therefore, even considering Plaintiff's Motion to Change Venue under the proper section, § 1406(a), the Court finds that it is not in the interest of justice to transfer this action to the Northern District of New York. The principle is well settled that "[i]t is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue." § 1352 Motions to Dismiss—Improper Venue, 5B Fed. Prac. & Proc. Civ. § 1352 & n. 10 (3d ed.) (collecting cases). Although Plaintiff eventually recognized he failed to identify the correct venue, Plaintiff still has not demonstrated that his newly selected venue, the Northern District of New York, is a proper forum. Having found that the transfer requested by Plaintiff is not in the interest of justice, the Court's only other option under § 1406(a) is dismissal of the action. The dismissal will be without prejudice with leave to refile.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's Motion to Change Venue (Docket No. 14). The Court grants the Motion to Dismiss for Insufficient Service of Process and Improper Venue by Roger and Rosa Altman (Docket No. 22). The action is dismissed without prejudice with leave to refile in a proper forum. The

Motion for Default Judgment (Docket No. 11) accordingly is denied as moot.

**SO ORDERED.**

                                              **S/ Michael A. Telesca**
                                      HONORABLE MICHAEL A. TELESCA
                                      United States District Judge

DATED:     February 11, 2019
             Rochester, New York